UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Aleksandr Yuzhakov, ) | |
| ) | |
| Plaintiff, ) | Case: 1:15-cv-01936 |
| ) | Assigned To : Unassigned |
| v. ) | Assign. Date : 11/2/2015 |
| ) | Description: Pro Se Gen. Civil (F Deck) |
| Christopher Ellis *et al.*, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant plaintiff's *in forma pauperis* application and will dismiss the case for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring dismissal "at any time" jurisdiction is found wanting).

Plaintiff resides in Russia. He states that his "reason for [] judicial recourse is [to address] an insuperable wall that the defendants have built on my daughter's way to getting an education in USA," which plaintiff claims is unlawful. Compl. at 2. But the defendants are two consular officers, and the complaint arises from the denial of a visa to plaintiff to enter the United States "bas[ed] on INA 212 (a)(6)(C)(i)." Compl. at 7.

"The Immigration and Nationality Act of 1952, 8 U.S.C. § 1001, *et seq.* governs visa processing and confers 'upon consular officers *exclusive authority* to review applications for visas.'" *Van Ravenswaay v. Napolitano*, 613 F. Supp. 2d 1, 3 (D.D.C. 2009) (quoting *Saavedra Bruno v. Albright*, 197 F.3d 1153, 1156-57 (D.C. Cir. 1999)) (emphasis in original). Under the "doctrine of consular nonreviewability," *Saavedra Bruno*, 197 F. 3d at 1160, "[t]he decision of a consular officer to grant or deny a visa is not subject to judicial review." *Chun v.*

*Powell*, 223 F. Supp. 2d 204, 206 (D.D.C. 2002). This prohibition applies to all aspects of the consular officer's decision, including claims questioning the officer's compliance with regulations. *See id.* (examining cases). The Court of Appeals has made clear that the "doctrine of consular nonreviewability . . . represents one of the 'limitations on judicial review' unaffected by [the] opening clause [of § 702 of the Administrative Procedure Act] granting a right of review to persons suffering 'legal wrong' from agency action." *Saavedra Bruno*, 197 at 1160.

To the extent that plaintiff purports to act on behalf of his minor daughter, section 1654 of Title 28 of the United States Code generally precludes lay persons from representing anyone but themselves in federal court. This restriction applies here where plaintiff is not an attorney, and the complaint's allegations do not suggest that he is the child's "duly appointed representative as defined by Federal Rule of Civil Procedure 17(c)(1)." *Lazaridis v. U.S. Dep't of Justice*, 713 F. Supp. 2d 64, 67 (D.D.C. 2010). *See Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) (per curiam) ("[U]nder Fed. R. Civ. P. 17(c) and 28 U.S.C. § 1654, a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney."). "This rule is designed to protect the interests of the minor party[.]" *Elustra v. Mineo*, 595 F.3d 699, 705 (7th Cir. 2010); *see Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990) ("The choice to appear *pro se* is not a true choice for minors who under state law . . . cannot determine their own legal actions . . . . It goes without saying that it is not in the interests of minors or incompetents that they be represented by non-attorneys."). Besides, there is no indication from the complaint's allegations that the minor child applied for and was denied a visa to establish her legal standing to sue. And "[t]he defect of standing is a

defect in subject matter jurisdiction" as well. *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987).

      A separate Order of dismissal accompanies this Memorandum Opinion.

Date:  October 27, 2015        _____
                                          United States District Judge